UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:15-cv-61970-JIC

MICHAEL KORETSKY, FRANK KORETSKY, INTERNATIONAL VIDEO DISTRIBUTORS, LLC, BEAUMONT FUND, LLC, and LONGMEADOW TRADING, LLC,

      Plaintiffs,

      v.

SEYFARTH SHAW LLP, JOHN E. ROGERS, individually and d/b/a ROGERS & ASSOCIATES, JETSTREAM BUSINESS LIMITED, WARWICK TRADING, LLC, and SUGARLOAF FUND, LLC,

      Defendants.

_____/

**AFFIDAVIT OF JOHN E. ROGERS IN SUPPORT OF
DEFENDANTS JOHN E. ROGERS, ROGERS & ASSOCIATES,
JETSTREAM BUSINESS LIMITED, WARWICK TRADING, LLC,
AND SUGARLOAF FUND, LLC'S MOTION TO TRANSFER VENUE
PURSUANT TO 28 U.S.C. §1406(a) AND/OR MOTION TO DISMISS PLAINTIFFS'
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

STATE OF ILLINOIS        )
                         ) ss:
COUNTY OF COOK      )

Before me, the undersigned authority, personally appeared John E. Rogers, who first being duly sworn, deposes and states as follows:

1.     My name is John E. Rogers, I am an attorney licensed to practice law in the State of Illinois, and I make this affidavit on my own personal knowledge.

2.     I currently practice law through my sole proprietorship Rogers & Associates located in Chicago, Illinois.

3.     I am a resident and citizen of the State of Illinois.

4.      I am duly licensed to practice law in Illinois and Pennsylvania.  I am not licensed to practice law in any other jurisdiction.  I was previously a partner with Seyfarth Shaw LLP ("Seyfarth"), where I was employed from approximately July 2003 through May 2008.

5.      I have never been a resident of the State of Florida.

6.      I have never travelled to Florida with regards to any of the allegations contained in Plaintiffs' Complaint.

7.      During the time I was a partner at Seyfarth from approximately July 2003 through May 2008, I lived in Illinois and worked exclusively in Seyfarth's office in Chicago, Illinois.

8.      Any actions taken within my employment on behalf of Seyfarth were conducted out of Seyfarth's Chicago, Illinois office.

9.      Based upon a diligent search of my records all the communications between Seyfarth and Longmeadow Trading, LLC ("Longmeadow") and/or Beaumont Fund, LLC ("Beaumont") between the time of their formation and June 2010, were directed to the specific entity in Illinois.

10.     The 2004 K-1 issued by Bodensee Fund, LLC to Longmeadow was directed to that entity's Illinois address.  A true and authentic copy of the 2004 K-1 to Longmeadow is attached as Exhibit "A."

11.     The 2004 K-1 issued by Queen Trading, LLC ("Queen Trading") to Beaumont was directed to the address of address of International Video Distributors, LLC ("International Video") in New Jersey.  A true and authentic copy of the 2004 K-1 from Queen Trading to International Video is attached as Exhibit "B."

12. The 2004 K-1 issued by Beaumont to International Video was directed to that entity's New Jersey address. A true and authentic copy of the 2004 K-1 from Beaumont to International Video is attached as Exhibit "C."

13. Neither Michael Koretsky nor Frank Koretsky purchased in their individual capacities any "LLC Securities" as that term is defined by the Complaint.

14. I never dealt with or met Frank Koretsky.

15. The documents that were prepared or drafted by Seyfarth, including the preparation of the 2003 and 2004 DAD Deal Documents, the promissory notes, and any tax-related documents, were drafted in Seyfarth's Illinois office.

16. The documents were not drafted for, or with any intention to be used by a Florida entity or individual. None of the documents applied Florida law, or had any connection to Florida. They were drafted in accordance with Illinois law, most of them required the application of Illinois law, and most provided that any disputes arising out of the agreements were to be litigated in Illinois. It was not my intention for any of the documents drafted in Illinois in Seyfarth's Illinois office to be sent to, or used in Florida in any way. To my knowledge, none of the documents were sent to or used in Florida.

17. In late 2006, while a partner at Seyfarth, I provided Michael Koretsky with legal services in connection with a tax audit based on a notice he had received from the IRS about tax issues arising from the 2003 and 2004 tax years.

18. All the work I performed as a partner of Seyfarth on behalf of Michael Koretsky in or after November 2006 was performed by me or my staff out of Seyfarth's Chicago, Illinois office. True and authentic copies of Seyfarth's November 15, 2006 Conflict Research Request, and the November 22, 2006 New Client Intake Form are attached as Exhibits "D" and "E" respectively.

3

19.     All the correspondence on behalf of Seyfarth to Michael Koretsky in connection with the Firm's 2006 representation of him was directed to his "home address" in Yardley, Pennsylvania. True and authentic copies of Michael Koretsky's November 15, 2006 email to me and Sweta Shah, an associate attorney in Seyfarth's Chicago office, and one of the IRS Notices identified in the email are attached as Composite Exhibit "F." The Notice sent by the IRS to Michael Koretsky is addressed to Michael Koretsky at his address in Yardley, Pennsylvania.

20.     The Engagement Letter between Seyfarth and Plaintiff Michael Koretsky memorializes the work to be performed by Seyfarth on his behalf. The Seyfarth Engagement Letter with Michael Koretsky was directed to him at his Yardley, Pennsylvania address. A true and authentic copy of the Engagement Letter is attached as Exhibit "G."

21.     The November 27, 2006 letter from Seyfarth to Mr. and Mrs. Michael Koretsky was directed to the Koretskys at their Yardley, Pennsylvania address. A true and authentic copy of the November 27, 2006 letter is attached as Exhibit "H."

22.     The December 1, 2006 Conflict of Interest Waiver sent by Seyfarth to Mr. and Mrs. Michael Koretsky was directed to them at their Yardley, Pennsylvania address, and was ultimately signed by them. A true and authentic copy of the December 1, 2006 letter is attached as Exhibit "I."

23.     I have never corresponded with any of the Plaintiffs in Florida.

24.     I had no contact with any of the Plaintiffs in Florida.

25.     All services provided to Plaintiffs were outside the state of Florida.

26.     As a citizen and resident of the state of Illinois, County of Cook, I am subject to the personal jurisdiction of the courts in Cook County, Illinois and specifically the United States District Court for the Northern District of Illinois.

4

27.     Rogers & Associates' only office is located in Cook County, Illinois.  Rogers & Associates have never had any other offices.

28.     No correspondence or documents including bills were sent to Florida, nor were any payments for such services received from Florida by Rogers & Associates.

29.     The June 8, 2011 Engagement Letter between Rogers & Associates and Plaintiff Michael Koretsky memorializes the work to be performed by Rogers & Associates on his behalf. The Rogers & Associates Engagement Letter with Michael Koretsky was directed to him at his Heightstown, New Jersey address.  A true and authentic copy of the Engagement Letter is attached as Exhibit "J."

30.     The June 8, 2011 Waiver of Conflict of Interest sent by Rogers & Associates to Michael Koretsky was directed to him at his Heightstown, New Jersey address. A true and authentic copy of the June 8, 2011 letter is attached as Exhibit "K."

31.     No representative of Rogers & Associates has ever travelled to Florida in connection with any of the allegations contained in Plaintiff's Complaint.

32.     Neither I nor Rogers & Associates ever expected that we would be haled into court in Florida based upon dealings with Plaintiffs.

33.     Rogers & Associates is subject to the personal jurisdiction of the courts in Cook County, Illinois and specifically the United States District Court for the Northern District of Illinois.

34.     Agresti was not an agent of mine, Rogers & Associates, Warwick, Sugarloaf, Jetstream or Seyfarth.

35.     Agresti entered into an independent engagement letter with Plaintiffs, and all of his actions were independent and were not done on behalf of myself, Rogers & Associates, Warwick,

Sugarloaf, Jetstream or Seyfarth. Agresti reviewed all Koretsky documents and approved them before they were sent to Koretsky.

36.     I never placed, requested or even knew that any advertisements were placed in any nationally circulated magazine on my behalf or on behalf of Rogers & Associates, Warwick, Sugarloaf, Jetstream, or Seyfarth.

37.     Warwick Trading, LLC ("Warwick") is an Illinois limited liability company, with its managing member being Jetstream Business Limited.  Warwick is subject to the personal jurisdiction of the courts in Cook County, Illinois and specifically the United States District Court for the Northern District of Illinois.

38.     Warwick never entered into a Contract with Plaintiffs in Florida.

39.     The Contract between Warwick and Plaintiffs did not require performance in Florida.

40.     Warwick did not breach its Contract with Plaintiffs in Florida or anywhere else.

41.     Warwick did not have any contact with Plaintiffs in Florida.

42.     Sugarloaf Fund, LLC ("Sugarloaf") is a Delaware limited liability company, with its managing member being Jetstream Business Limited Sugarloaf is subject to the personal jurisdiction of the courts in Cook County, Illinois and specifically the United States District Court for the Northern District of Illinois.

43.     Sugarloaf never entered into a Contract with Plaintiffs in Florida.

44.     The Contract between Sugarloaf and Plaintiffs did not require performance in Florida.

45.     Sugarloaf did not breach its Contract with Plaintiffs in Florida or anywhere else.

46.     Sugarloaf did not have any contact with Plaintiffs in Florida.

6

47.     Jetstream Business Limited ("Jetstream") is a Delaware corporation wholly owned by Portfolio Properties, Inc., which is wholly owned by me. Jetstream is subject to the personal jurisdiction of the courts in Cook County, Illinois and specifically the United States District Court for the Northern District of Illinois.

**FURTHER AFFIANT SAYETH NAUGHT.**

John E. Rogers

SWORN TO AND SUBSCRIBED before me by John E. Rogers, who is (____) personally known to me / or who produced _Illinois License_ as identification this _30th_ day of September, 2015.

(Signature of Notary)

Frances L. Rogers

(Name of Notary Typed or printed or stamped)

FRANCES L. ROGERS
OFFICIAL SEAL
Notary Public · State of Illinois
My Commission Expires
April 03, 2017

7